Probate Court of the City
of Providence,
for the benefit of
Harvard H. Crabtree, App't., }No. 91643.
vs.
U. S. Fidelity & Guaranty
Company

January 26, 1934.

JOSLIN, J. This action is brought to recover on a bond given to the Probate Court of the City of Providence by Rae F. Schefflan as administratrix of the estate of Harris Weber, in which bond the defendant is the surety. The condition of the obligation of the bond is that said Schefflan "shall faithfully perform her duties according to law" as such administratrix. The declaration alleges a breach of said condition.

On May 23, 1929, letters of administration were issued to Mrs. Schefflan. An inventory was filed shortly thereafter with the following items stated therein:

Mechanics National Bank (2
accounts) ................$1,422.29
Prudential Insurance ....... 1,060.14
Accounts Receivable ........ 4,000.00

$6,482.43

There were six claims filed against the estate, five of them aggregating the sum of $773.30. The sixth claim was filed by Mrs. Schefflan individually in the sum of $5,000. This claim was allowed in the sum of $3,500, but an appeal from said allowance was taken by one of the sons of the intestate. This appeal is still pending in the records of this Court.

After the time for filing claims against the estate had expired, another son of the intestate asked leave of the Probate Court to file a claim against the estate in the sum of $15,000. After hearing, the Probate Court denied the petition, from which action an appeal was taken to this Court, which appeal is now pending.

January 3, 1933, a representation of insolvency was filed by the administratrix. No action by the Probate Court was had or requested thereon.

January 6, 1933, following a hearing, the Probate Court entered an order finding Mrs. Schefflan guilty of unfaithful administration and removing her as administratrix. This order was appealed from, but as the appeal was not perfected, the order of removal was affirmed by this Court.

The claim of Dr. Crabtree was duly filed, never disallowed and not paid.

Sec. 15 of Chap. 371 of the Gen. Laws provides that if suit be brought upon a bond by a creditor of a deceased person, he shall show (1) that his claim has been duly filed; (2), that his claim has not been disallowed; and (3) that a decree of unfaithful administration has been entered; and if the estate be insolvent, he shall also produce a copy of the order of distribution.

The defendant admits that (1) and (2) have been shown. It also admits that a decree of unfaithful administration was entered. It makes the point, however, that the estate is insolvent and that the plaintiff cannot recover inasmuch as he has not produced a copy of an order of distribution.

In the opinion of the Court, the mere representation of insolvency does not ipso facto make an estate insolvent. The matter of insolvency must be proved as a fact. Should both claims of $3,500 and $15,000 be ultimately disallowed, as is conceivable, the estate would be clearly solvent.

The item "accounts receivable $4,000" in the inventory has not been reduced to money, although serious efforts have been made to collect them. They are certainly not worth their face value. Giving a value of several hundred dollars to said accounts, it would bring the actual value of the estate to an amount between $2,600 and $2,800. As

the liabilites, excluding the $3,500 and $15,000 claims above referred to, were $773.30, it does not appear that the estate was, in fact, insolvent. Therefore no order of distribution was necessary and the plaintiff's action is not premature.

Moreover, we doubt if said Section 15 applies to a situation such as is present in this case. The parties agree that the plaintiff's claim was a necessary expense of the decedent's last sickness. It is entitled to priority of payment before the payment of all the other claims on file. There are, or should be, ample funds in the estate for this purpose, making reasonable allowances for administration expenses and funeral charges.

If this be the correct view of the law the question of insolvency becomes immaterial.

The defendant urges another ground for a decision in its favor.

The defendant's bond is dated April 23, 1931. This was in replacement of the original bond.

Sec. 11 of Chap. 371, General Laws provides that when a new bond is duly given and approved "the surety on the original bond * * * shall not be liable for any breach thereof thereafter committed, nor shall the surety or sureties on the *succeeding* bond be liable for any *default* occurring *prior* to the approval of said bond."

From the evidence it is clear that whatever moneys came into the possession of Mrs. Schefflan were misapplied during the first year of her administration,—certainly before the bond in this case was written. Hence, the default occurred prior to and not after the date of the defendant's bond.

In these circumstances, by the plain provisions of the statute, the plaintiff is precluded from recovery against this defendant.

Decision for the defendant.

For plaintiff: Henshaw, Lindemuth & Baker.

For defendants: Francis J. O'Brien, Corrigan & Boyle.